**No. 64441.**—National Lock Company *v.* United States, protest 312183–K (New York).

LAWRENCE, Judge: Plaintiff, a manufacturer of hardware, plastics, and nonferrous metal parts, imported a certain machine which the collector assessed with duty at the rate of 20 per centum ad valorem, as provided in paragraph 372 of the Tariff Act of 1930 (19 U.S.C. § 1001, par. 372), as modified by the General Agreement on Tariffs and Trade, 82 Treas. Dec. 305, T.D. 51802, for "Punches, shears, and bar cutters, intended for use in fabricating structural or other rolled iron or steel shapes."

Plaintiff claims that the merchandise is properly dutiable at 15 per centum ad valorem under said modified paragraph 372 as a machine tool. Paragraph 372 of the Tariff Act of 1930 defines a machine tool as "any machine operating other than by hand power which employs a tool for work on metal."

The only witness who was called testified on behalf of the plaintiff. He stated that he has been employed by plaintiff for 9 years as an assistant plant engineer and testified in substance as follows:

The machine in question is a punch press (exhibit 1) which was imported with three sets of dies. It weighs about 16,000 pounds, occupies a floor area of approximately 35 square feet, and is powered by an electric motor. It is equipped with a variable stroke crankshaft and a special feeding mechanism. Both features will enable the machine to perform a wider range of work than otherwise would be possible.

In the operation of the machine, as explained by the witness, material, in the form of strips of steel, is automatically fed into the machine between

blanking dies, consisting of male and female sections (exhibit 2). As the strips of steel pass through the machine, the upper section of the die presses down on the lower section, and "in successive stations * * * pierces six holes and blanks out two wings of a hinge." The wings (collective exhibit 3) are ultimately used in the manufacture of hinges.

For the machine to perform a useful function, it must have installed therein or fitted thereto a tool, namely, a die, designed for a specific purpose. As stated by the witness, the utility of the machine is "only governed by the number of dies you have put in the machine," apparently having reference to possible or potential uses not yet developed.

Among the cases cited by counsel for plaintiff in his brief is *Wiedemann Machine Co.* v. *United States*, 70 Treas. Dec. 550, T.D. 48605. In that case, the merchandise consisted of certain so-called "multiple" machines, some of them large and power driven, and some small and hand operated, but otherwise alike in construction. Installed therein was a disk, designed to hold at one time 12 tools for use in processing metal. In excluding the large, power-driven machines from the provision in paragraph 372 of the Tariff Act of 1930, for "punches, shears, and bar cutters, intended for use in fabricating structural or other rolled iron or steel shapes," the court stated as follows:

As we read the record the punching of holes in metal has not been shown to be the primary purpose for which the present machines were constructed and designed. In and of itself the punching operation would not seem to be more important than the forming or shaping from a sheet of metal of some particular article. The name given to the device would seem to imply that the maker intended to construct a "multiple" machine—a mechanism designed to do many things besides punching operations. If the proof disclosed that only punching tools of various sizes were inserted in the disk in the apparatus, then regardless of the number of such tools the mechanism might well be considered a "punch." But the evidence presented, and the illustrative specimen samples of the work performed by said machines, would seem to preclude so classifying the mechanisms.

The record before us does not support a finding, comparable to the factual situation that prevailed in the cited case, that the mechanism in question is "designed to do many things besides punching operations." The machine in question is used exclusively for punching steel shapes in the form of hinge wings. The witness did refer to a single instance of the use of the machine with "another die" that fabricated certain sheet metal parts, but he "couldn't remember what they were. That statement, standing alone as it appears in the present record, is not sufficient for a positive finding that the article involved herein is other than a "punch." The fact that plaintiff is planning at some future time to use other dies in the machine, as stated by the witness, is immaterial to the tariff classification of the instant merchandise.

Consideration has been given to all of the cases cited in the briefs filed by counsel for the respective parties, in addition to the *Wiedemann* case, *supra*, but we find it unnecessary to review them here.

Based upon the record before us and for the reasons expressed above, we find and hold that plaintiff has failed to overcome the presumption of correctness attaching to the decision of the collector of customs.

The protest is overruled and judgment will be rendered accordingly.